Karen **FRANCIS,** individually and on behalf of Teshawnia Francis, Rayven McGrew, Najimy Brown and Beyonce Brown, all minors and on behalf of all others similarly situated, Cynthia McDonald, individually and on behalf of Tavin Graham, a minor, Plaintiffs–Appellants,

v.

The **CITY OF NEW YORK,** Administration for Children's Services, William C. Bell, individually and in his Official Capacity as Commissioner of Ad-

ministration for Children's Services, Ronnesia Rivera, individually and in her Capacity as Caseworker for Administration for Children's Services, Emmnauel Appiah, individually and in His capacity as Supervising Caseworker for Administration for Children's Services, Defendants–Appellees.

No. 04–5305–cv.

United States Court of Appeals, Second Circuit.

July 26, 2006.

Thomas Hoffman, New York, NY, for Appellants.

Bruce Strikowsky, Lester Schwab Katz & Dwyer (Steven B. Getzoff, Thomas Catalano, of Counsel), New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Appellants appeal from an opinion and order dismissing their complaint in its entirety. We assume familiarity with the facts and proceedings below. We affirm in part, vacate in part, and remand for further proceedings consistent with this summary order.

"We review *de novo* a district court's determination that, as a matter of law, it lacks jurisdiction over the case[,]" *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002), as well as its decision to grant a motion to dismiss for failure to state a claim upon which relief can be granted, *Seinfeld v. Gray*, 404 F.3d 645, 648 (2d Cir.2005). In both cases, we must construe the allegations in the light most favorable to the plaintiff. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 376 (2d Cir.2005); *Desiano v. Warner–Lambert Co.*, 326 F.3d 339, 347 (2d Cir.2003).

Appellants contend that defendant Rivera's decision to remove their children, without the existence of imminent danger to the lives or health of the children, violated Appellants' Fourteenth Amendment rights,[1] and was motivated by discriminatory animus. Analyzing these claims separately, and construing the claim that there was no imminent danger as a challenge to the state court order authorizing emergency removal, the district court dismissed the Fourteenth Amendment cause of action pursuant to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362

---

1. Plaintiffs also sought relief under the Fourth, Fifth, and Thirteenth amendments. The Fifth Amendment claim was withdrawn. *Francis v. City of New York*, No. 04 CV 417, 2004 WL 1941265, at *9 & n. 9 (S.D.N.Y.

Aug.31, 2004). The claims under the Fourth and Thirteenth amendments were properly dismissed because the complaint failed sufficiently to allege the claim and the grounds upon which it rested. *Id.* at *9.

(1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and our reading of those cases in *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195 (2d Cir.1996). *Francis v. City of New York*, No. 04 CV 417, 2004 WL 1941265, at *8. The bias claim was dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6). *Id.* at *5.

The *Rooker–Feldman* doctrine is "confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). However, where "a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion' " *Id.* at 293, 125 S.Ct. 1517 (quoting *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

■ Appellants have not petitioned the federal court to undo the state court's emergency removal of the children here; rather, they have asserted an independent claim. Specifically, Appellants assert that Rivera lied about finding bruises on two of the children during her investigation and that she was motivated to seek removal of the children based, in part, on her own bias against plaintiffs on account of their national origin. *See Zahrey v. Coffey*, 221 F.3d 342, 344 (2d Cir.2000) (holding that there is a "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity"). Thus, the district court erred in dismissing Appellants' claim for lack of subject matter jurisdiction.

■ The district court also erred in dismissing Appellants' bias claim. The allegation that Rivera told Appellant McDonald that "You people should learn to speak English," must be read in conjunction with the other allegations in the complaint, i.e., that the observations of bruises were false and contrived, that Rivera and her supervisor knew there was no imminent danger, and that no bruises were found either by the police or medical examiners.[2] The complaint also alleges that Appellant Francis overheard Rivera and a supervisor say that emergency removals are "better because it is easier to prove your case and it is harder for the children to be returned." The comment would be more than just a "stray" remark. *See Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir.1998) (noting that "[stray] comments, *without more*, cannot get a discrimination suit to a jury" but when viewed alongside the totality of the circumstances, may "bear a more ominous significance"). Taken together these allegations in the complaint sufficiently state a claim

---

2. Regarding the allegations that the observations of bruises were contrived, the district court appears to have examined the state family court proceedings below, commenting that while the family court judge found Rivera to be less credible than those witnesses who found no bruising, there was no finding that she either lied or was motivated by bias. *Francis*, 2004 WL 1941265, at * 8. As this case was dismissed at the pleadings stage, the district court should not have looked beyond the complaint. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000) ("When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment ...." (internal quotation marks and alterations omitted)).

that Appellants were deprived of their rights on account of racial and ethnic bias.

■ We affirm the district court's decision to dismiss Appellants' challenge to the Administration for Children's Services' visitation policy. Appellants' request for declaratory relief is moot because they have failed to show that there is a reasonable expectation that they will be subjected to the same conduct in the future. *See Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 647 (2d Cir.1998) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur.").

■ Finally, we decline to decide defendants' qualified immunity defense, and instead remand to the district court for consideration in the first instance. *See Schonfeld v. Hilliard*, 218 F.3d 164, 184 (2d Cir.2000) ("Although we are empowered to affirm a district court's decision on a theory not considered below, it is our distinctly preferred practice to remand such issues for consideration by the district court in the first instance.").

The decision and order of the district court is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.